UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DELMIS GUZMAN-FUENTES,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL B. MUKASEY, Attorney General of the United States, et al.,<br><br>Respondents. | CASE NO.  C08-340-RSL-JPD<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Delmis Guzman-Fuentes, proceeding through counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging her continued detention by the U.S. Immigration and Customs Enforcement ("ICE") pending adjudication of her Petition for Review in the Ninth Circuit Court of Appeals. (Dkt. 10, Part 3). Petitioner alleges that her detention is unlawful because it has exceeded the six-month "presumptively reasonable period during which ICE may detain removable aliens in order to effectuate their removal." (Dkt. 10, Part 3 at 4, citing *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001)). Respondents have moved to dismiss, arguing that petitioner is lawfully detained under the Immigration and Nationality Act ("INA"), and that her continued detention is warranted. (Dkt. 21).

REPORT AND RECOMMENDATION
PAGE – 1

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition be DENIED and respondents' motion to dismiss be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of El Salvador, who entered the United States without inspection at or near Brownsville, Texas on January 3, 1992. (Dkt. 23 at L69). Petitioner was apprehended the same day by the former Immigration and Naturalization Service[1] ("INS") and issued an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien, charging her with deportation under INA § 212(a)(1)(B), for having entered the United States without inspection. (Dkt. 23 at L17-18). The INS set bond in the amount of $3,000. Petitioner requested a redetermination of the INS custody decision by an Immigration Judge ("IJ"). *Id.*

On February 18, 1992, a Texas Immigration Judge granted petitioner's request for a change in custody and ordered her released on $1,500 bond. (Dkt. 23 at R105). Petitioner posted bond and was released on February 19, 1992. (Dkt. 23 at R190-92). On February 21, 1992, petitioner submitted a Motion for a Change in Venue from Texas to California, which was granted on March 31, 1992. (Dkt. 23 at R110-11, R116).

On May 12, 1992, petitioner failed to appear for her Immigration Court proceedings in Los Angeles, California, an IJ ordered her deported *in absentia*. (Dkt. 23 at R117-18). However, petitioner's case was subsequently reopened by the Board of Immigration Appeals ("BIA") on appeal and the case reconvened for further proceedings. (Dkt. 23 at L68). On October 25, 1994,

---

[1] Effective March 1, 2003, the Immigration and Naturalization Service was abolished pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296, *codified at* 6 U.S.C. § § 101, *et seq.*, and its immigration functions were transferred to the Department of Homeland Security ("DHS").

REPORT AND RECOMMENDATION
PAGE – 2

an IJ denied petitioner's application for asylum and ordered her deported to El Salvador, but granted her voluntary departure until January 25, 1995. (Dkt. 23 at L63-69). Petitioner appealed the IJ's decision to the BIA, who dismissed the appeal on April 10, 1995. (Dkt. 23 at L101). Petitioner filed a Petition for Review of the BIA's decision with the Ninth Circuit, which was denied on November 16, 1996. (Dkt. 23 at L144).

On September 7, 2002, petitioner applied for Temporary Protected Status ("TPS"), which was granted until March 9, 2005. (Dkt. 23 at L167-71). Petitioner failed to re-register in 2005 and her TPS expired. (Dkt. 10, Part 3 at 3).

On May 5, 2007, petitioner was apprehended by ICE and placed in custody in San Pedro, California. On June 7, 2007, petitioner filed a motion to reopen with the BIA to reapply for TPS for El Salvador. The BIA denied the motion on July 30, 2007, finding that it lacked jurisdiction to grant the relief requested. (Dkt. 23 at L193-94). On August 20, 2007, petitioner filed a Petition for Review of the BIA's decision with the Ninth Circuit, along with a motion for stay of removal. (Dkt. 23 at L195-99). Under Ninth Circuit General Order 6.4(c)(1), this caused a temporary stay to automatically issue. Petitioner's petition for review remains pending in the Ninth Circuit.

On October 22, 2007, petitioner was transferred from the San Pedro Facility to the Northwest Detention Center in Tacoma, Washington. (Dkt. 10, Part 6). On October 23, 2007, ICE served petitioner with a Notice to Alien of File Custody Review, informing petitioner that her custody status would be reviewed on or about November 13, 2007, and that she could submit any documentation she wished to be reviewed in support of her release prior to that date. Petitioner did not submit an documentation for consideration. (Dkt. 23 at 222). On October 26, 2007, petitioner, proceeding through counsel, filed the instant habeas petition in the United Stated District Court for

REPORT AND RECOMMENDATION
PAGE – 3

the Central District of California. (Dkt. 10, Part 6).

On or about November 13, 2007, ICE conducted a Post Order Custody Review of petitioner's case. (Dkt. 23 at R218-28). On December 5, 2007, ICE Field Office Director A. Neil Clark issued a Decision to Continue Detention, noting that petitioner had failed to submit evidence for review, failed to cooperate with ICE officials in obtaining travel documents necessary for her removal to El Salvador, and appears to be a "significant flight risk." (Dkt. 23 at R230-31).

On February 25, 2008, this matter was transferred from the Central District of California to this Court for lack of jurisdiction because petitioner had been transferred from the ICE facility in San Pedro, California to the Northwest Detention Center in Tacoma, Washington. (Dkt. 10). The government subsequently filed a Return Memorandum and Motion to Dismiss. (Dkt. 21). Petitioner did not file a response. The government's motion to dismiss is now ready for review.

### III. DISCUSSION

A.  Petitioner is Lawfully Detained Pursuant to INA § 236.

Section 236 of the INA, 8 U.S.C. § 1226, provides the framework for the arrest, detention, and release of aliens in removal proceedings. Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241, 8 U.S.C. § 1231. The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1). INA § 241(a)(1)(B) provides:

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date

REPORT AND RECOMMENDATION
PAGE – 4

the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added). Accordingly, pursuant to INA § 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien continues to be detained under Section 236 until the court renders its decision. *See Ma v. Ashcroft,* 257 F.3d 1095, 1104 n.12 (9th Cir. 2001) (stating, "[i]f the removal order is stayed pending judicial review, the ninety day period begins running after the reviewing court's final order."); *see also Tijani v. Willis,* 430 F.3d 1241, 1242 (9th Cir. 2005) (ordering the release of petitioner who had been detained pending appeal for two years and eight months under INA § 236(c)); *Bromfield v. Mukasey*, No. 07-72319, slip op. (9th Cir. Dec. 26, 2007) ("[T]his is a pre-removal case, given that petitioner requested judicial review of the removal order . . . and this court granted a stay of removal in that still pending petition for review. *See* 8 U.S.C. § 1231(a)(1)(B)(ii).").

Here, the Ninth Circuit has issued a stay of removal pending its review of petitioner's administrative removal order, and the petition for review remains pending. Thus, petitioner's detention is pursuant to INA § 236(a), which provides:

Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. . . . [T]he Attorney General –

(1) may continue to detain the arrested alien; and

(2) may release the alien on –

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole . . .

REPORT AND RECOMMENDATION
PAGE – 5

8 U.S.C. § 1226(a).[2]  Accordingly, under INA § 236(a), the Attorney General retains discretion to decide whether aliens subject to removal proceedings should be detained, released on bond, or released on conditional parole. *See* 8 U.S.C. § 1226(a). In this case, petitioner argues that her continued detention violates the due process clause of the Fifth Amendment.

"The Fifth Amendment's Due Process Clause forbids the Government to 'depriv[e]' any 'person . . . of liberty . . . without due process of law.'" *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001) (holding that "a statute permitting indefinite detention of an alien would raise a serious constitutional problem."). It is well established that "the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693 (citations omitted). Furthermore, an alien's freedom from imprisonment "lies at the heart of the liberty that the substantive due process clause protects." *Id.* at 690. In *United States v. Salerno* the Supreme Court explained:

> [T]he Due Process Clause protects individuals against two types of government action. So-called "substantive due process" prevents the government from engaging in conduct that "shocks the conscience" or interferes with rights "implicit in the concept of ordered liberty." When government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner. This requirement has traditionally been referred to as "procedural" due process.

*United States v. Salerno*, 481 U.S. 739, 746, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987).

The Supreme Court has recognized, however, that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 431, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003) (holding that mandatory detention of criminal aliens during

---

[2] Respondents argue that petitioner is detained under INA § 241 because she has a final order of removal in place. (Dkt. 21 at 5). However, this Court has repeatedly rejected respondents' argument. *See, e.g., Prieto-Romero v. Clark,* Case No. 07-35458. The Court concludes that the removal period has not yet begun, and that petitioner is detained pursuant to INA § 236(a).

REPORT AND RECOMMENDATION
PAGE – 6

removal proceedings under INA § 236(c) is constitutionally valid."). In *Kim*, the Supreme Court found that "[s]uch detention necessarily serves the purpose of preventing deportable aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 528. Although the Supreme Court in *Zadvydas* held that an alien may not be indefinitely detained after the ninety-day removal period in INA § 241(a), petitioner's removal period has not yet begun by operation of a stay pursuant to INA § 241(a)(a)(B)(ii). *See Zadvydas*, 533 U.S. at 701. Moreover, the Supreme Court in *Kim* distinguished *Zadvydas*, noting that in *Zadvydas*, "removal was no longer practically attainable" and that "the period of detention at issue in *Zadvydas* was 'indefinite' and 'potentially permanent.'" *Id.* at 527-28. Unlike the petitioner in *Zadvydas*, petitioner's detention has a definite termination point, and thus is neither "indefinite" nor "potentially permanent." Upon completion of judicial review, petitioner will either be released or removed to El Salvador. Thus, petitioner's detention meets substantive due process requirements. *See Ma v. Ashcroft*, 257 F.3d 1095, 1099 (9th Cir. 2001) ("alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

Furthermore, petitioner's detention has been implemented in a procedurally fair manner and does not violate procedural due process requirements. As indicated above, petitioner received both an individualized bond hearing before an Immigration Judge, and a Post Order Custody Review by ICE. The administrative record shows that ICE considered the appropriate factors when reviewing petitioner's custody status. *See* 8 C.F.R. § 241.4(f).[3] Thus, the Court concludes that petitioner's

---

[3](1) The nature and number of disciplinary infractions received while incarcerated or detained; (2) the nature and severity of the alien's convictions, sentences imposed, parole history, recidivism, and other criminal history; (3) psychiatric and psychological reports; (4) evidence of rehabilitation; (5) ties to the United States; (6) prior immigration violations; (7)

REPORT AND RECOMMENDATION
PAGE – 7

current detention is lawful, and there is no basis for this Court to order that petitioner be released.

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss be granted, and that the action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 4th day of June, 2008.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge

---

flight risk, including history of escapes and failures to appear; (8) other information that is probative of whether the alien is likely to endanger the community or violate his or her release conditions. 8 C.F.R. § 241.4(f); *see also Middleton v. Clark*, No. C06-1324RSM, *3 (W.D. Wash. 2007); *Prieto-Romero v. Clark*, No C06-786L, *2 (W.D. Wash. 2007).

REPORT AND RECOMMENDATION
PAGE – 8